**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1916**

_____

ROBERT G. HITT,

　　　　　　　Petitioner,

　　v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; SEWELL COAL COMPANY; PITTSTON COMPANY,

　　　　　　　Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board. (22-0150-BLA)

_____

Submitted: July 16, 2024　　　　　　　　　　　Decided: August 15, 2024

_____

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition for review denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Samuel B. Petsonk, Oak Hill, West Virginia; Bren J. Pomponio, MOUNTAIN STATE JUSTICE, INC., Charleston, West Virginia, for Petitioner. Jennifer Horan, William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claimant Robert Hitt petitions for review of the decision and order of the Benefits Review Board ("BRB") affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for black lung benefits pursuant to 30 U.S.C. §§ 901-944.

In order to establish eligibility for black lung benefits, a miner is required to show: "(1) that he has pneumoconiosis, in either its clinical or legal form; (2) that the pneumoconiosis arose out of coal mine employment; (3) that he is totally disabled by a pulmonary or respiratory impairment; and (4) that his pneumoconiosis is a substantially contributing cause of his total disability." *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133 (4th Cir. 2015) (cleaned up). If the miner proves that he was employed in underground coal mines or in substantially similar conditions for at least 15 years, that he has had a chest x-ray interpreted as negative for complicated pneumoconiosis, *and* that he has a totally disabling respiratory or pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to his pneumoconiosis. *See* 20 C.F.R. § 718.305(b).

The ALJ found that Claimant failed to prove that he is totally disabled by a pulmonary or respiratory impairment, rendering it unnecessary for her to consider the remaining elements of the claim, and the BRB affirmed. For the following reasons, we deny the petition for review.

I.

Claimant began working in the coal mine industry in 1964 and continued his coal-mine employment until 1974. He worked for the respondent, Sewell Coal Company, from approximately 1977 to 1988, when the mine ceased operations. Claimant thereafter

2

worked for non-mining employers. The ALJ found that Claimant's total qualifying coal mine employment totaled 22.17 years. The ALJ also found that Claimant smoked cigarettes from 1962 to 1974, off and on, at a level of up to 1.5 packs per day, yielding a smoking history of at least 10 pack years. Claimant's qualifying coal mine employment and smoking history, as found by the ALJ, are no longer contested.

Claimant filed two prior claims for black lung benefits. The first claim, filed in 1987, was administratively denied, and he did not appeal. The second claim, filed in 1999, was denied on February 25, 2003, after a hearing. Claimant failed to establish any element of entitlement to black lung benefits in either of his two prior claims. He filed this third claim for benefits on February 23, 2018. Accordingly, Claimant is required to demonstrate "a change in the applicable condition of entitlement that was unfavorably adjudicated" against him in his prior claims. *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 249 n.4 (4th Cir. 2016) (citing 20 C.F.R. § 725.309(c)).

In order to prove total disability under 20 C.F.R. § 718.204—the third element of his claim for benefits—Claimant was required to prove that he

> has a pulmonary or respiratory impairment which, *standing alone*, prevents or prevented the miner . . . (i) From performing his . . . usual coal mine work; and (ii) From engaging in gainful employment in the immediate area of his . . . residence requiring the skills or abilities comparable to those of any employment in a mine or mines in which he . . . previously engaged with some regularity over a substantial period of time.

20 C.F.R. § 718.204(b)(1) (emphasis added).[1]  Total disability may be established by any of the following medical evidence:  (1) qualifying pulmonary function tests, *see* § 718.204(b)(2)(i); (2) qualifying arterial blood-gas tests, *see* § 718.204(b)(2)(ii); (3) the miner has pneumoconiosis and the medical evidence shows that he is "suffering from cor pulmonale with right-sided congestive heart failure,"  § 718.204(b)(2)(iii); or (4) "a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment as described in paragraph (b)(1) of this section,"  20 C.F.R. § 718.204(b)(2)(iv).  "In the case of a living miner's claim, a finding of total disability due to pneumoconiosis shall not be made solely on the miner's statements or testimony."  *Id.* § 718.204(d)(5).

The ALJ found that there were no qualifying pulmonary function tests or arterial blood-gas tests, nor sufficient medical evidence that Claimant suffered from cor pulmonale with right-sided congestive heart failure.  Accordingly, the ALJ determined that Claimant failed to prove total disability under §§ 718.204(b)(2)(i), (ii), or (iii).  These findings have not been challenged on appeal.

The ALJ then turned to the question of whether Claimant had proven a totally disabling respiratory or pulmonary impairment by evidence that "a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory

---

[1]  The irrebuttable presumption of total disability due to pneumoconiosis, described in 20 C.F.R. § 718.304, is not applicable to this case.  *See* 20 C.F.R. § 718.204(b)(1).

diagnostic techniques, conclude[d] that a miner's respiratory or pulmonary condition prevents or prevented the miner" from performing his usual coal mine work or comparable work. *Id.* § 718.204(b)(2)(iv). When reviewing such medical evidence, "it is the province of the ALJ to evaluate the physicians' opinions. As the trier of fact, the ALJ is not bound to accept the opinion or theory of any medical expert." *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 211 (4th Cir. 2000) (cleaned up). Rather, the "ALJ must examine the reasoning employed in a medical opinion in light of the objective material supporting that opinion, and also must take into account any contrary test results or diagnoses." *Id.*

Relevant to the evidence offered by Claimant to prove a totally disabling respiratory or pulmonary condition, the ALJ exhaustively considered the medical records and opinions of Dr. Anna Allen, who performed a pulmonary evaluation of Claimant, as well as medical treatment records from Dr. Arthur Olson and Dr. Richard Durham. Dr. Allen conducted a pulmonary evaluation of Claimant on April 18, 2018. She concluded that Claimant had chronic bronchitis and an unspecified lung disease due primarily to coal dust exposure, and secondarily to cigarette smoking. In her opinion, these conditions would have prevented Claimant from performing his last coal mine work. However, the ALJ found that Dr. Allen's conclusion that Claimant had a total respiratory disability was not well-documented and therefore entitled to little weight. Among other noted deficiencies, the ALJ observed that Dr. Allen did not specify the items of medical evidence she reviewed in support of this opinion, cited reported "symptomology" as the primary basis for her opinion on disability, and based her conclusions, in part, on specific medical test results that failed to support her presumptions. As the ALJ correctly noted, "[t]he burden remains on the Claimant to

5

establish this element of entitlement, by a preponderance of evidence. . . . [I]n the absence of qualifying test results, there must be at least one physician's opinion, based on medically acceptable clinical and laboratory diagnostic techniques, supporting a conclusion regarding disability." J.A. 539. Having carefully considered Dr. Allen's opinion as to whether Claimant had "a pulmonary or respiratory impairment which, standing alone, prevents or prevented" Claimant from performing his prior coal mine work or comparable work, 20 C.F.R. § 718.204(b)(1), the ALJ found "that Dr. Allen's opinion falls short of that standard, because its presumptions regarding the medical evidence were inaccurate." J.A. 539. Accordingly, the ALJ found that her "opinion was not well-reasoned." J.A. 539.

The ALJ also summarized the medical treatment records of Drs. Olsen and Durham, and in particular the six visits that Claimant had with Dr. Durham from March 2018 to January 2019. Although these records reflected that Claimant reported respiratory symptoms to his physicians and was receiving some treatment, they also failed to establish that he was totally disabled from his respiratory symptoms.[2]

---

[2] We note that Respondent presented the medical opinions of Dr. George Zaldivar and Dr. Stephen Basheda in support of its request that the claim be denied. Dr. Zaldivar conducted an independent medical examination of Claimant on April 24, 2019, and concluded that there was no evidence of clinical or legal pneumoconiosis. Dr. Zaldivar diagnosed asthma or chronic bronchitis related to asthma but found that these conditions would not prevent Claimant from performing his last coal mine related job. Dr. Basheda reviewed Claimant's medical records and, by report dated May 8, 2020, also concluded that there was no evidence of clinical or legal pneumoconiosis and that Claimant's respiratory symptoms would not prevent him from performing his last coal mine related job. But both physicians based their conclusions in large part on the fact that Claimant did not have qualifying pulmonary function or arterial blood gas tests. The ALJ found that these opinions were also not well-reasoned, and entitled to minimal weight, because both were grounded in the view that, contrary to the regulations, a respiratory impairment cannot be found in the absence of qualifying pulmonary and arterial blood gas results.

II.

Our review of an ALJ decision that the BRB has affirmed is "highly deferential." *W. Va. CWP Fund v. Dir., Off. Of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018). Our review is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BLB] and ALJ are rational and consistent with applicable law." *Id*. (cleaned up). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained [her] rationale in crediting [or discrediting] certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (cleaned up). We defer to the ALJ's evaluation of the medical records and, "so long as [the] ALJ's findings in this regard are supported by substantial evidence, they must be sustained." *Id.* "[W]e do not undertake to reweigh contradictory medical evidence, make credibility determinations, or substitute our judgment for that [of the ALJ]." *Sea "B" Mining*, 831 F.3d at 252; *see also W. Va. CWP Fund*, 880 F.3d at 697.

On appeal, Claimant does not challenge the ALJ's determination that the opinion of Dr. Allen was not well-reasoned and, therefore, entitled to little weight. Rather, Claimant argues that the ALJ failed to properly consider and analyze the records of his treating physicians under 20 C.F.R. § 718.104(d) and his own lay testimony that his respiratory impairments would make it impossible for him to resume his coal mine work. We are unpersuaded.

Pursuant to 20 C.F.R. § 718.104(d), an ALJ "must give consideration to the relationship between the miner and any treating physician whose report is admitted into

7

the record." *Id.* The ALJ is instructed to consider the nature and duration of the relationship and the frequency and extent of treatment. *See id.* Generally speaking, "the opinions of treating and examining physicians deserve especial consideration." *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 441 (4th Cir. 1997). But "neither this circuit nor the [BRB] has ever fashioned a *requirement* or a *presumption* that treating or examining physicians' opinions be given greater weight than opinions of other expert physicians." *Id.* (cleaned up); *see also Consolidation Coal Co. v. Held*, 314 F.3d 184, 187-88 (4th Cir. 2002).

Section § 718.104(d) provides Claimant no relief from the ALJ or BRB decisions. First, it is plain that the ALJ explicitly considered the medical treatment records of Drs. Olsen and Durham, summarizing in some detail Claimant's treatment by Dr. Olsen, Dr. Olsen's referral of Claimant to Dr. Durham for evaluation of his respiratory symptomology, the duration and frequency of Claimant's treatment by these physicians, and the extent of the treatment. In the end, however, the medical treatment records simply failed to offer an opinion as to whether Claimant's respiratory symptoms would have prevented him from performing his usual coal mine work or comparable work. Rather, as the ALJ observed, the records only reflected that the Claimant had reported significant respiratory symptoms to these physicians and was receiving some treatment. They did not establish total disability from those symptoms. As the BRB recognized, Claimant's arguments in this respect amount to a disagreement with the ALJ's analysis of the medical evidence. Here, all of the medical evidence was analyzed by the ALJ and she thoroughly explained her rationale in concluding that it failed to establish that Claimant was totally disabled due to

8

a pulmonary or respiratory impairment. *See Hobet Mining, LLC*, 783 F.3d at 504. The ALJ also considered Claimant's testimony regarding his ability to return to coal-mine or comparable work but, in the absence of the requisite medical evidence, such lay evidence cannot support a finding of total disability. *See* 20 C.F.R. § 718.204(d)(5) ("In the case of a living miner's claim, a finding of total disability due to pneumoconiosis shall not be made solely on the miner's statements or testimony.").

III.

To conclude, our review of the record discloses that the ALJ's and BRB's decisions are based upon substantial evidence and are without reversible error. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*